[Civ. No. 13891.   Second Dist., Div. One.   Dec. 22, 1942.]

ROBERT J. YBARRA, Appellant, v. HERMAN SOLARZ et al., Respondents.

Phillip W. Silver for Appellant.

Henry Haves for Respondents.

DORAN J.—This is an appeal from a judgment for certain defendants entered after demurrer to plaintiff's complaint was sustained without leave to amend. The action is one to cancel a trust deed and promissory note and to restrain foreclosure proceedings against certain real property. The complaint contains two causes of action, the first setting forth facts as to the execution of the trust deed and note and the second setting forth facts as to the filing of, or intention to file a declaration of default under the trust deed and the intention to sell the real property covered thereby.

It is alleged in the complaint that on October 2, 1937, the plaintiff entered into a written contract with the defendants Herman Solarz and Bessie Solarz, in which, among other things, said defendants agreed to sell to the plaintiff a certain parcel of real property for the sum of $3,700, payable on the following terms: $550 upon the execution of the agreement; $85 a month on the first day of each and every month, beginning on the first day of November, 1937, with interest at 6% per annum, continuing for three monthly payments; and thereafter principal and interest was to be payable in installments of $35 or more on the first day of each month, continuing until the purchase price was paid in full. The contract further provided that the sellers reserved the right at any time to give a deed, and take back a trust deed for the unpaid balance, payable in accordance with the terms of this contract, as alleged in the complaint. It is also alleged that

the plaintiff made all payments required of him up until March 4, 1939; but that on that date the said defendants induced the plaintiff to execute a trust deed to replace the vendor's agreement in question, in which trust deed the said defendants were designated as beneficiaries thereof; and that said trust deed provided that the plaintiff should pay to the defendants the unpaid balance then due on said vendor's agreement, being the sum of $2,782.09, payable in installments of principal and interest of $35 or more on the 15th day of each and every month, beginning on the 15th day of March, 1939, and continuing up to and including the 15th day of February, 1942, the balance of principal and interest then remaining unpaid to become due and payable on the 15th day of March, 1942. That concurrently with the execution by the plaintiff of the said trust deed the plaintiff was further induced to execute a promissory note in accordance with the provisions of said trust deed. That on March 15, 1942, the defendants demanded of plaintiff that he pay to the defendants the entire unpaid balance due on said date on the trust deed and promissory note, and informed plaintiff that unless said sum was paid the defendants intended to, and would proceed to declare all sums secured by said trust deed immediately due and payable and file a written notice of default and of election to cause said property to be sold. Plaintiff alleges that he is not now in default in any of the payments that were due as provided under the vendor's agreement above referred to, and that plaintiff is willing to continue to make the monthly payments provided for in said agreement, or in any trust deed and promissory note in accordance with the terms of said agreement; but that the provisions in the trust deed providing that the balance of the principal and interest remaining unpaid on March 15, 1942, shall all be due and payable on that date, was in violation of the terms of the vendor's agreement; and that the said trust deed, increasing the obligations of plaintiff as provided in the vendor's agreement, and adding to the terms thereof and imposing new and onerous terms upon plaintiff, was entered into and executed by plaintiff without any consideration therefor from the said defendants to the plaintiff. The second cause of action, directed against the trustee under the trust deed, is founded upon the same set of facts. Plaintiff prays accordingly for cancellation of the trust deed and note, and

that the defendants and each of them be perpetually restrained from selling plaintiff's property under the deed of trust, or taking any proceedings thereunder. Defendants Herman Solarz and Bessie Solarz interposed a general demurrer to plaintiff's complaint, the demurrer was sustained without leave to amend and the action herein dismissed as against said defendants, as already mentioned.

Appellant's argument for reversal of the judgment is based upon the proposition that an agreement adding to the terms of an existing agreement between the same parties by which new and onerous terms are imposed upon one of the parties without any compensating advantage requires a consideration to support it; and that the complaint herein does not show the passing of any consideration to the plaintiff from the defendants for the execution of the trust deed and promissory note in replacement of the original vendor's agreement. In this connection, it is to be noted that the complaint is silent as to whether a deed was given by defendants to plaintiff at the time of the execution of the trust deed in question; but plaintiff (appellant) in his brief states that the execution of the deed by the defendants to the plaintiff cannot serve as such a new consideration. Under the circumstances, it may be assumed that a deed to the property passed to plaintiff at the time he gave defendants the trust deed.

Respondents take the position that the note and deed of trust constituted a new and different obligation in substitution for the obligation under the prior contract for the sale of the real property; in other words, that the parties entered into a novation through the execution of the trust deed and promissory note; and that such a novation affirmatively appears from the allegations of the complaint. It is not expressly alleged in the complaint, that there was any fraud involved in the transaction. Respondents also contend that the unpaid balance of the purchase price for the property, being an antecedent debt, constitutes a sufficient consideration for the trust deed and note in question. Respondents contend that the entire argument of plaintiff and appellant is based on the erroneous assumption that the note and deed of trust in question constituted an agreement adding to the terms of the prior vendor's agreement for the sale of real property. However, in the circumstances, the law is concerned with the effect of the trust deed, as its terms reveal, on the relation of the parties,

and not with assumptions of either party. It should also be pointed out that a novation is subject to the rules of contract and requires a consideration to support it. If the terms of sale had remained the same plaintiff would have no cause for complaint because the consideration for the original contract sufficed. Upon consideration of the allegations of the complaint under a general demurrer, however, it should be borne in mind that the terms of the agreement between the parties were changed and, hence, the relation of the parties was changed. Moreover, the change in terms is revealed by the complaint to have been effected at the instance of the sellers, the defendants.

The complaint alleges that ''the defendants . . . induced this plaintiff to execute a trust deed to replace the aforementioned vendor's agreement, in which trust deed the defendants . . . were designated as beneficiaries thereof. That the provisions in said trust deed . . . (were) in violation of the terms of the vendor's agreement . . . adding to the terms of the said vendor's agreement and imposing new and onerous terms upon the plaintiff . . . entered into and executed by the plaintiff without any consideration therefor from the said defendants to the plaintiff.'' The complaint seeks relief in equity. While the circumstances surrounding the inducement of plaintiff are not fully set forth, the allegations above quoted should be held sufficient as against a general demurrer, under the liberal construction of a pleading required by the provisions of section 452 of the Code of Civil Procedure.

The judgment is reversed with directions to the trial court to overrule the general demurrer to plaintiff's complaint, allowing defendants sufficient time to answer.

York, P. J., and White, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 18, 1943. Schauer, J., voted for a hearing.